Now in that case the contract for the work was completed and finally settled September 26, 1908. The action then under consideration was commenced June 6, 1909, and on January 30, 1909, the surety company was dissolved and a receiver appointed. No suit on the bond had been instituted by the United States or by any creditor of the principal debtor in the federal courts as provided for in the federal statute under which the bond was given, and the decision in that case related to the facts then before the court. Where, however, the action had actually been commenced in the federal courts under the federal statute to enforce the liability of the surety prior to the dissolution of the surety company, and the appointment of the receiver, it seems to me that the liability no longer remained conditional, that the essential facts upon which the liability of the principal and his surety are based had accrued, and the action as provided for by the federal statute had been commenced to enforce that liability. The federal statute, as I read it, recognizes the fact that, after the six months' period in which the United States could sue had expired, then the liability to the creditors became fixed, and the proper proceeding by the commencement of the action in the federal courts had been taken to enforce it. The liability did not depend upon the judgment in that action, but upon the facts as they then existed, and the judgment of the federal court in that action was a mere ascertainment of the amount due the creditors as against the principal and his surety. And this, I think, was recognized in the opinion of the majority of the court in the Metropolitan Surety Company Case, when it was said:

"We are not required to pass beyond the fact that the claimant has no right of action and the surety company no liability cognizable in this action or proceeding. Whatever right of action was in the claimant or liability on the part of the surety was conditioned upon the use of the statutory remedy."

That remedy had been invoked by the petitioner, and he was pursuing it when the insolvency of the surety required liquidation of its affairs, and when judgment was finally entered in the federal action commenced prior to the entry of the order for the liquidation of the affairs of the surety, that judgment, it seems to me, determined the amount of the obligation of the surety which existed at the time of its liquidation.

I think therefore that the order appealed from should be modified in accordance with these views.

---

FRANCEY v. RUTLAND R. CO. (No. 104–55.)

(Supreme Court, Appellate Division, Third Department. May 5, 1915.)

1. MASTER AND SERVANT ☞276—ACTIONS FOR INJURIES—SUFFICIENCY OF EVIDENCE.

In an action for injuries to a railway engineer, caused by the dislocation of a boiler flue, in which it was contended that the presumption of negligence under the rule of res ipsa loquitur was overcome by the evidence, evidence *held* to support a verdict for plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952, 954, 959, 970, 976; Dec. Dig. ☞276.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. EVIDENCE ⊚⇒570—WEIGHT AND SUFFICIENCY—EXPERT TESTIMONY.

Expert testimony is not of great probative force, and the jury is not bound to accept it even where uncontradicted by direct evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2395; Dec. Dig. ⊚⇒570.]

3. MASTER AND SERVANT ⊚⇒265—ACTIONS FOR INJURIES—BURDEN OF PROOF.

In a railway engineer's action for injuries caused by the dislocation of a boiler flue, where he brought himself within the rule of res ipsa loquitur, he was entitled to recover in the absence of a satisfactory and convincing explanation by defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. ⊚⇒265.]

Smith, P. J., and Kellogg, J., dissenting.

Appeal from Trial Term, Franklin County.

Action by George J. Francey against the Rutland Railroad Company. From a judgment in favor of plaintiff, entered upon the verdict of a jury for $6,000, and from an order denying defendant's motion for a new trial made upon the minutes, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Cantwell & Cantwell, of Malone (John M. Cantwell, of Malone, of counsel), for appellant.

Moore & Berry, of Malone, for respondent.

WOODWARD, J. The plaintiff in this action was injured by the dislocation of a boiler flue, followed by an explosion and the throwing of hot water and steam upon him, while engaged as an engineer in the operation of a locomotive for the defendant on the 25th day of March, 1911. This case presents the same general state of facts which existed in the case of Marceau v. Rutland Railroad Co., 211 N. Y. 203, 105 N. E. 206, 51 L. R. A. (N. S.) 1221, the plaintiff in that case being the fireman of the locomotive at the time, and it is not questioned that the plaintiff in the present action brought himself within the rule laid down in the case cited. The contention here is that, conceding that the plaintiff brought himself within the rule of res ipsa loquitur, the explanation offered by the defendant, and supported by two expert witnesses, without contradiction, was sufficient to overcome the presumption of negligence on the part of the defendant, and that it then became the duty of the plaintiff, as a condition of recovery, to establish the fact of defendant's negligence.

[1-3] There was evidence that the locomotive boiler at the time of the accident was carrying a steam pressure of 200 pounds; that it was just on the point of blowing off, or "popping," as the railroad men phrase it; and that at this time the engineer turned on the injector, an instrument designed to force water into the boiler, and it was the theory of the two experts that, the water being low in the boiler at this time, the injection of cold water caused a contraction of the tube in question, drawing it away from the fastening at the end, and thus producing the leak which generated steam in the fire box and threw off the doors of the furnace, producing the injuries complained of by the

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plaintiff.  This testimony was not disputed, and the defendant contends that it was sufficient to overcome the presumption of negligence, leaving the burden of proving such negligence upon the plaintiff.  Expert testimony is not of great probative force; the jury is not bound to accept it, even where uncontradicted by direct evidence, and in the present case the testimony appears to have been based upon an assumption that the engineer had permitted the water in the boiler to get low.  There does not appear to be any evidence of this, beyond the fact that it is conceded that the injector was put at work, but it also appeared that the steam was at the "popping" point, and it may be that, in the proper and economical use of the locomotive, it was proper to inject the water at this time for the purpose of reducing the pressure without exhausting the steam into the air.  This particular tube (for there were 342 of them in the boiler) appears to have been one of the lower ones, and jurors might very properly have refused to believe that the water was down to a point where it would have affected this particular tube, for if such had been the case, with a hot fire in the furnace, it is highly probable that the boiler as a whole would have been ruined.  The plaintiff testified that he turned on the injector at the "popping" point for the purpose of keeping the water at the proper level, that he did this in the usual and ordinary way, and it is not disputed that he was a competent engineer, of large experience, so that there was foundation for the jury to reach the conclusion that the accident did not occur because of the reason suggested by the experts, and, in the absence of a satisfactory and convincing explanation by the defendant, the plaintiff is entitled to recover.  Marceau v. Rutland Railroad Co., 211 N. Y. 203, 213, 105 N. E. 206, 51 L. R. A. (N. S.) 1221.

While there is undoubted power on the part of this court to reverse a judgment because of the abuse of privilege on the part of opposing counsel, we fail to discover in this case any occasion for the exercise of this power.  It is fair to presume the jury made reasonable allowances for the enthusiasm of counsel.

We are not disposed to interfere with the verdict of the jury on the question of damages.  Six thousand dollars is not so far excessive, considering the grade of employment, and the present earning capacity, as to warrant the conclusion that the jury were moved by improper motives, or had palpably exaggerated the results of the injuries.

The judgment and order appealed from should be affirmed, with costs.

LYON and HOWARD, JJ., concur.

JOHN M. KELLOGG, J. (dissenting).  I do not think Marceau v. Rutland R. Co., 211 N. Y. 203, 105 N. E. 206, 51 L. R. A. (N. S.) 1221, is controlling here.  In that case a fireman was injured who had nothing to do with the care or operation of the boiler.  The injury was caused in a way that clearly relieved him from any responsibility with reference to it, and the surrounding circumstances indicated clearly that the explosion was caused by the negligence of the defendant in failing properly to inspect or repair the boiler, or by the improper management of its engineer.  The doctrine of res ipsa loquitur was there

well invoked. In this case the engineer was injured. He had the control and management of the boiler. Evidently the boiler was defective, or, as claimed by the defendant, the engineer allowed the water to get too low and by a sudden supply of cold water caused the explosion. The facts speaking in this case, therefore, say that the cause of the explosion was either a defect in the boiler itself or the improper management of it by the engineer. If a bystander, or an employé having nothing to do with the boiler, had been injured by the explosion, the doctrine of res ipsa loquitur would apply and indicate the defendant's negligence, for it would be equally responsible for either cause. But here the circumstances unexplained may point as directly to the negligence of the engineer as to a defect in the boiler. Therefore the engineer gains no advantage from the doctrine, except perhaps by confining the proof in the first instance to the allegation that he was not negligent, and therefore the boiler must have been defective. In order therefore to prove negligence of the defendant, it was necessary for him to establish that the boiler was defective; in other words, that his conduct did not cause the explosion. Where an injury occurs from one of two causes, for one of which the defendant is responsible and for the other of which the plaintiff is responsible, the burden rests with the plaintiff to show that the negligence of the defendant caused the injury. The charge proceeded upon the theory that the accident itself implies negligence of the defendant, and that it is the duty of the defendant to explain to the satisfaction of the jury whether the accident was caused by a defect in the boiler or by its improper use. In these respects the charge was erroneous. I favor a reversal.

SMITH, P. J., concurs.